**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

HOLLY H.,                                )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )
                                         )    Case No. 4:22-CV-00320-CDL
FRANK BISIGNANO,[1]                      )
Commissioner of the Social               )
Security Administration,                 )
                                         )
                    Defendant.           )

**OPINION AND ORDER**

Before the Court is Plaintiff's Attorney's Amended Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 36) (the "Motion"), requesting a fee in the amount of $22,054.25 for contingent legal work performed before the courts. Upon review of the request and all filings related thereto, Plaintiff's lack of objection, Defendant's response (Doc. 38) in which Defendant indicated the Commissioner does not take a position as to the Motion, and consistent with the law governing fee awards under § 406(b), the Court finds that the motion should be granted.

---

[1]     Effective May 7, 2025, pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as Defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Background

On June 9, 2023, on Defendant's unopposed motion (Doc. 27), the Court reversed and remanded the first ALJ decision under sentence four of 42 U.S.C. § 405(g). (Doc. 28). On September 25, 2023, the Court then granted Plaintiff's counsel's motion for attorney's fees under the Equal Access to Justice Act (Doc. 30), awarding Plaintiff's counsel $4,950 in legal fees and $402 in costs, for a total amount of $5,352. (Doc. 32). Following remand to the Social Security Administration, Defendant determined Plaintiff was entitled to monthly disability benefits beginning June 2019 and issued a Notice of Award on March 25, 2025. (Doc. 36-4). The agency awarded Plaintiff $67,675.45 as 75% of her past-due benefits, setting aside 25%, or $22,054.25, to pay an award of attorney's fees. (*Id*. at 1, 3). Plaintiff's contract with her counsel provides that claimant would pay a fee of 25% of past-due benefits. (Doc. 36-2 at 1). Plaintiff's counsel now requests a fee be awarded pursuant to § 406(b) in the amount withheld.

## II.    Discussion

"Congress prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claim[ants]." *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 932 (10th Cir. 2008). Section 406(b) "controls fees for representation in court," while § 406(a) deals with fees incurred for "representation in the administrative proceedings." *Id.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). "Under 42 U.S.C. § 406(b), whenever a court finds in favor of a claimant who was represented by an attorney, it may determine a reasonable fee for court representation, not in excess of 25% of the past-due benefits awarded by reason of the judgment." *Id.* (citing § 406(b)(1)(A)).

2

Upon review of the record of court proceedings and the fee motion and all attachments, the Court finds the amount sought by plaintiff's counsel under § 406(b) is reasonable under all of the circumstances of this case. The award is consistent with the plaintiff's contract with counsel, which contemplated fees in the amount of 25% of past-due benefits. (Doc. 36-2 at 1). While the $980.19[2] hourly rate the attorney claims is substantial, that rate is reasonable given the uncertainty of recovery under a contingent fee agreement.[3] The total award is reasonable in light of the work performed and results obtained, and the amount of total fees to be paid is within the 25% contemplated and does not constitute a windfall to counsel under the circumstances of this case.

Plaintiff's counsel has been awarded fees under both § 406(b) and the Equal Access to Justice Act ("EAJA"), and so she must remit the amount of the smaller fee to Plaintiff. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Pub. L. 99-80, § 3, 99 Stat. 186) (alteration in original) ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

---

[2]    Plaintiff's counsel makes several references to a "post-EAJA refund" hourly rate of $760.19. (Doc. 36-1 at 8–9). The Court reviews the reasonableness of the total § 406(b) fee and does not factor any previous EAJA award in making its reasonableness determination.

[3]    Plaintiff's counsel asks the Court to consider her risk of nonpayment given her representation of Plaintiff not just at the Court level, but also at the agency level. (Doc. 36-1 at 7). The Court clarifies that, as per 42 U.S.C. § 406(b), it only rewards Plaintiff's counsel fees based on representation before the courts; Plaintiff's representation before the agency is a determination for the Commissioner under § 406(a).

### III.    Conclusion

The Motion is hereby **granted**, and counsel for Plaintiff, Meghan M. Gallo, is awarded § 406(b) fees in the amount of $22,054.25 to be paid from the amount withheld from Plaintiff's past-due benefits in accordance with the defendant agency's policy. Meghan M. Gallo will refund to Plaintiff the $5,352 the Court awarded under the EAJA in the Court's September 27th, 2023 order.

IT IS SO ORDERED this 30th day of March, 2025.

Christine D. Little
United States Magistrate Judge